[No. 7001.    Decided April 8, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Patrick Foley, Respondent*, v. HILLYARD WATER COMPANY, *Appellant*.[1]

WATERS AND WATER COURSES—PUBLIC SUPPLY—RIGHTS OF PRIVATE CONSUMERS—REGULATIONS. Where the owners of premises, supplied with water by a private service which was unsatisfactory and unsuitable for permanent use, petitioned a public service corporation to extend its service to his property, and the water company, while extending its mains at great expense, purchased and temporarily used the private system until the new service was ready, the owner cannot insist upon a continuance of the old private service, or to a supply through the new service, without the payment of the cost of making connections, as charged to other customers of the water company under reasonable rates and regulations.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 27, 1907, granting a mandate to compel a water company to furnish water to a patron. after a trial on the merits before the court without a jury. Reversed.

*Gallagher & Thayer*, for appellant.

*J. M. Geraghty* and *Alex M. Winston*, for respondent.

CROW, J.—This action is based upon an application of the relator, Patrick Foley, for a writ of mandamus to compel the defendant, the Hillyard Water Company, to furnish him water for domestic purposes. The relator alleges, that the de-

[1]Reported in 94 Pac. 1080.

fendant is a public service corporation, with authority to install a system of water works and sell water to the public; that it has a franchise over certain streets in the town of Hillyard, in Spokane county; that it has a water main on Harrison street, fronting upon which the relator owns a home where he resides with his family; that heretofore he caused his premises to be connected with the Harrison street main; that he was furnished water therefrom until April 8, 1907, at which time the defendant, without cause and for the purposes of oppression, cut off his water supply; that it has refused to supply him with water on the same terms as its other customers; that he has tendered the water rent in advance, and that he is wholly dependent on the defendant for a water service. The trial judge made findings in favor of the relator, and entered a judgment awarding a writ of mandamus to compel the defendant to furnish him with water through the Harrison street main. The defendant has appealed.

The evidence shows that respondent's property is in the southwest corner of a platted block bounded by Arthur street on the north, Harrison street on the east, and Twenty-first street on the south; that his lots front on Harrison and Twenty-first streets; that the appellant never laid any water main on either Arthur or Harrison street; that some years since, one Taylor owned a water system from which he sold water to respondent and other consumers; that an old wooden main running east and west on Arthur street was a part of his system, from which certain private parties extended a supply pipe down Harrison street; that the respondent had connected his property therewith, and was being supplied with water by Taylor; that the service provided by Taylor was unsatisfactory; that the appellant corporation owned another water system in the same neighborhood, but had no mains on any of the streets above mentioned adjacent to the block in which respondent lived; that many residents and consumers on Twenty-first street, including the respondent, petitioned the appellant to extend a main from its system along Twenty-

first street to supply them with water; that, in consideration of the petitioners' promise of patronage, the appellant did so, incurring much expense; that the other petitioners connected with this new main; that Taylor thereupon disposed of his old system to the appellant, who temporarily furnished water through the same along Arthur and Harrison streets until it could complete its new main along Twenty-first street; that appellant . abandoned the old Taylor main in Arthur street after the new main was installed and ready for use; that respondent refused to connect his property with the new main because the appellant required him to pay the sum of $5.50, the actual cost of making such connection; that other consumers making the connection had paid that sum; that respondent would incur some additional expense for the extension of pipes from such new connection to his buildings; that the appellant offers to furnish him with water through its new main on Twenty-first street if he will pay such actual cost of connection, which he refuses to do, insisting that the appellant shall supply him with water through the old Arthur street main, and the extension therefrom on Harrison street.

The appellant contends, (1) that it has not discriminated against the respondent; (2) that the respondent is wrongfully seeking to compel it to operate the abandoned Taylor system; and (3) that Taylor, not being a public service corporation, could not have been compelled to operate the old system, and that appellant cannot now be compelled to do so.

All of these contentions should be sustained. The respondent having petitioned for the extension of appellant's main along Twenty-first street, is now in no position to insist that he shall be supplied with water through an old main of the Taylor system which the evidence shows is not suitable for permanent use but has been abandoned. The appellant is ready, willing, and able to supply respondent with water through its new main installed upon respondent's petition, on the same terms and conditions that it is supplying its other customers. Its rules and regulations are not shown to be arbi-

trary or unreasonable. If respondent complies with them he
will receive an abundant supply of water. He and other con-
sumers having regarded the old Taylor system as deficient
and unsatisfactory, petitioned for water through appellant's
system. Respondent could not have compelled Taylor to con-
tinue his supply of water, through the old system, and it
would be an injustice under the facts now shown to compel
appellant to do so.

The judgment is reversed, and the cause is remanded with
instructions to dismiss the action.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., con-
cur.