[No. 10432.  Department One.  August 20, 1912.]

CHARLES E. CLEVELAND, *Respondent*, v. MALDEN WATER WORKS COMPANY, *Appellant*.[1]

WATERS AND WATER COURSES—WATER COMPANIES—FRANCHISE— SERVICE TO CONSUMERS—COST OF CONNECTIONS. Under a franchise ordinance authorizing a water company to lay its pipes in streets and requiring it to furnish water to consumers at a certain fixed monthly rate, the company must deliver the water to the consumer at his property line, and must therefore defray the expense of extending the line from the main to the property line.

Appeal from a judgment of the superior court for Whitman county, Neill, J., entered October 17, 1911, upon findings in favor of the plaintiff, granting a writ of mandamus requiring a water company to supply water.  Affirmed.

*Wakefield & Witherspoon* (*A. C. Shaw* and *E. P. Twohy*, of counsel), for appellant.

*J. N. Pickrell* (*J. M. McCroskey* and *R. M. Burgunder*, of counsel), for respondent.

CHADWICK, J.—The material facts in this case are as follows:  The plaintiff, Cleveland, is the owner of a lot abutting on Ninth street in the town of Malden in Whitman county.  The defendant water company is a public service corporation, owning and operating a water system along Ninth street and other streets of the town, under a franchise from the town council.  Sections 1, 2, 3 and 4, of Ordinance No. 8, granting the franchise, read as follows:

"Section 1.  That the Malden Water Works Company, a corporation existing under the laws of this state, its successors or assigns, be and is hereby granted the right and

[1]Reported in 125 Pac. 769.

privilege of excavating and laying pipes and mains in the public streets and alleys of said town for the purpose of furnishing to its inhabitants fresh water for domestic and sewerage purposes and for fire protection and otherwise as may be designated by proper ordinance for a period of twenty-five years from the granting and acceptance of this ordinance.

"Section 2. The said corporation shall lay such pipes and place hydrants as directed by the street committee or such other committee of said town as may be charged with the duties of looking after the streets and alleys, provided that a sufficient number of persons on the streets to be benefited by said extensions shall first petition and sign contracts with the company guaranteeing twelve per cent net on the estimated cost of said extension, which said pipes and mains shall be of sufficient size and of quality to furnish ample and sufficient water for all purposes intended and to be placed and extended for consumer's use, and commence the laying of same within such time as designated by resolution of the council and directions of the said street committee.

."Section 3. That it shall have the right to make the necessary excavations for the laying, maintaining and repairing of said pipes, mains and hydrants, but must without unnecessary delay refill all ditches and place the street and grounds in safe and proper condition, and for the failure so to do immediately after being directed by the street committee, they may cause the same to be done at the expense of the said corporation and charge the same up as a tax against said plant.

"Section 4. That said corporation may charge and collect such tolls for the furnishing of water to users and consumers as shall be considered reasonable and just to give them fair return on the investment, which price may be changed and revised at periods of five years after the first ten year period, if so requested by resolution of the council and for a period of the first ten years the following rates shall be the maximum monthly amount which can be charged for the water under such reasonable rules and regulations as may be promulgated by said corporation. . . . Private dwellings, four rooms or less, $1.50. . . ."

The plaintiff tendered to the defendant company the sum of $1.50, and demanded that it furnish water to him through

its pipes at the property line of Ninth street, for use in his dwelling house on the lot above described.  The company refused to comply with this demand unless the plaintiff would pay the further sum of $14.50, the cost of extending the pipe line from the main to the property line and making the connection with the main.  This proceeding was thereupon instituted, and resulted in the issuance of a peremptory writ of mandate, requiring the water company to comply forthwith with the demand of the plaintiff.  From this order, the present appeal is prosecuted.

From the foregoing statement it will be seen that the sole question presented for our decision is, whether the property owner or the water company must defray the expense of conducting the water from the main to the property line and making the necessary connection with the main.  In the absence of a valid contract or legislative control in the matter of its rates, a water company may fix and collect rates for furnishing water, provided they are reasonable and just and do not discriminate.  A reasonable rate depends in a large measure upon the amount of money invested and the returns received.  *State ex rel. Webster v. Superior Court*, 67 Wash. 37, 120 Pac. 861.  If the company only lays its mains in the streets, it will, as a matter of course, have less money invested than if it carries its pipes to the property line of each individual consumer, and will be compelled to charge less in the former case than in the latter; and if there be no contract or statutory or municipal regulation in the way, a regulation requiring the property owner to defray the expense of piping and conducting the water from the main to his property line and in addition to pay a reasonable monthly charge for the use of the water, would not seem unreasonable, provided the two charges combined be but a reasonable charge for the services rendered.  But this case is controlled by the franchise ordinance, which requires the company to furnish water to users and consumers at certain fixed rates, and we are of opinion that it is not so furnished within the meaning

of the ordinance unless it is delivered to the consumer at his property line. *Pocatello Water Co. v. Standley*, 7 Idaho 155, 61 Pac. 518; *Bothwell v. Consumers' Co.*, 13 Idaho 568, 92 Pac. 533; *Hatch v. Consumers' Co.*, 17 Idaho 204, 104 Pac. 670; *International Water Co. v. City of El Paso*, 51 Tex. Civ. App. 321, 112 S. W. 816; *Pine Bluff Corp. v. Toney*, 96 Ark. 345, 131 S. W. 680. The case of *State ex rel. Foley v. Hillyard Water Co.*, 49 Wash. 232, 94 Pac. 1080, is not in conflict with the views here expressed. The court there held that the plaintiff was not entitled to water from the main from which he demanded it, and no franchise or contract obligation was involved.

The judgment is affirmed.

CROW, GOSE, ELLIS, and PARKER, JJ., concur.