[No. 10419.    Department One.    November 2, 1912.]

THE STATE OF WASHINGTON, *on the Relation of C. W. Hodgdon, Appellant*, v. HOQUIAM WATER COMPANY, *Respondent*.[1]

WATERS AND WATER COURSES—WATER COMPANIES—FRANCHISE—SERVICE TO CONSUMERS—COST OF CONNECTIONS. Under a franchise ordinance authorizing a water company to lay its pipes in streets and requiring it to furnish water to consumers at a certain fixed monthly rate, the company must deliver the water to the consumer at his property line, and must therefore defray the expense of extending the line from the main to the property line.

SAME. A provision in a franchise ordinance authorizing a water company to make special rules and regulations for the "use of water" does not empower the company to exact a charge for tapping the main and extending the service line to the lot line.

SAME—REGULATION OF WATER COMPANIES—JURISDICTION OF COURTS. The courts have jurisdiction to determine the right of a water company under its franchise to exact a charge for tapping the main and extending the service pipe to the lot line, notwithstanding the public service commission may have exclusive original jurisdiction to determine questions involving the reasonableness of rates.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 23, 1911, upon find-

[1]Reported in 127 Pac. 304.

ings in favor of the defendant, in an action to compel a water company to furnish water to a customer.   Reversed.

*Sidney Moor Heath* and *C. W. Hodgdon*, for appellant.

*Morgan & Brewer* and *Bridges & Bruener*, for respondent.

PER CURIAM.—This is an appeal from a judgment of the superior court for Chehalis county, denying the application of the relator for a writ of mandate requiring the Hoquiam Water Company to supply him with water for a house owned by him, situated in the city of Hoquiam, upon a lot bordering upon a public alley in which that company has a main as a part of its system of water works.   The water company refused upon demand to furnish appellant water for his house, until he paid to it a charge of four dollars for tapping the main and extending a service pipe from the main to the boundary line of the lot upon which his house is situated. Appellant insists that the water company is required under its franchise to furnish him water at his lot line opposite its main, free from any charge for tapping the main and extending the service pipe to that point, while the water company insists that it has the right to exact a reasonable charge therefor.   The water company is maintaining and operating its water works under a franchise granted to its predecessors by the city of Hoquiam, reading in part as follows:

"They are hereby granted a franchise to build and operate a system of water works, and the license of laying water mains and pipes in any and all of the avenues, streets and alleys, waterways, public grounds and thoroughfares in the town of Hoquiam, county of Chehalis and state of Washington, for the purpose of distributing and conveying water throughout said town and for the purpose of selling the same, under such limitations and restrictions as are hereinafter set forth; and he and they shall sell the same to all persons, bodies and corporations desiring to purchase the same; Subject to the provisions, limitations and restrictions hereinafter contained."

The sole question in this case is as to the right of appellant to be furnished water at his lot line, by the water com-

pany, without paying the charge which it seeks to exact from him. The nature of its franchise is indicated by the above quotation therefrom; and, while it is of considerable length and contains other conditions, we deem it sufficient to say that, so far as the duty of the water company to furnish water to the inhabitants of the city thereunder is concerned, such duty is in substance the same as is required of the water works company in the franchise considered by us in the recent case of *Cleveland v. Malden Water Works Co.*, 69 Wash. 541, 125 Pac. 769, in which case we held that the company was required to furnish water at the lot line without exacting any charge for constructing the service pipe from the main to the lot line. We are unable to see any difference in principle between the question here presented and the one decided in that case. We are satisfied with the conclusion reached in that case.

Some contention is made upon a provision of the franchise ordinance permitting the water company to make "special rules and regulations for the use of water." We are of the opinion, however, that this language does not authorize the water company to exact a charge of the nature here sought to be made, since it relates only to the use of the water. The franchise ordinance itself enumerates the charges which may be made by the water company, and there is not included therein any of this nature.

Counsel for respondent contends that the question here involved is within the exclusive original jurisdiction of the public service commission, and that therefore the superior court was without jurisdiction to determine this question in an action brought originally in that court. If the question involved only the reasonableness of the amount of the charge which the water company is here seeking to make, this contention might be regarded as sound; but since there is only involved the question of the right to make any such charge regardless of its amount, we think the superior court has jurisdiction.

We are of the opinion that appellant is entitled to the relief prayed for. The judgment is reversed, with directions to the trial court to proceed in accordance with this opinion.