[No. 11338.   Department Two.   July 30, 1914.]

THE STATE OF WASHINGTON, on the Relation of James W. Goss et al., Appellants, v. METALINE FALLS LIGHT & WATER COMPANY, Respondent.[1]

MANDAMUS—PROCEEDINGS—DEFAULT. Under Rem. & Bal. Code, § 1017, a writ of mandamus cannot be granted by default, but the case must be heard by the court whether the adverse party appears or not.

WATERS AND WATER COURSES—WATER COMPANIES — RATES — DISCRIMINATION—PUBLIC SERVICE COMMISSION—JURISDICTION. The public service commission is invested with exclusive jurisdiction, under the public utilities act (3 Rem. & Bal. Code, § 8626-1 et seq.), to pass upon and determine the question of a discrimination of rates charged by a water company.

WATERS AND WATER COURSES—WATER COMPANIES — RATES — DISCRIMINATION—COMPLAINT. A consumer, discriminated against by a water company in the matter of rates charged for water, has authority to file a complaint with the public service commission, under § 80 of the public utilities act, 3 Rem. & Bal. Code, § 8626-80, providing that "complaint may be made . . . by any person . . . in writing, setting forth any act or thing done or omitted to be done by any public service corporation," etc.; notwithstanding the proviso in § 80 that "no complaint shall be entertained by the commission except upon its own motion, as to the reasonableness of the schedule of the rates or charges of any . . . water company,

[1]Reported in 141 Pac. 1142.

. . ., unless the same be signed by the mayor, council or commission of the city or town in which the company complained of is engaged in business, or not less than twenty-five consumers or purchasers of such . . . water" etc., the proviso pertaining only to complaints affecting the reasonableness of the schedule of rates or charges of a public service corporation, and not abridging the authority of an individual to complain of a discrimination in rates.

SAME. The party discriminated against, must, in any event, before resort to the courts, ask the public service commission itself to file the complaint, or apply to the city authorities to do so, or endeavor to induce other consumers to join in filing the complaint.

Appeal from a judgment of the superior court for Pend Oreille county, Jackson, J., entered April 11, 1913, dismissing an application for a writ of mandamus, on sustaining a demurrer to the petition. Affirmed.

*Sherlock & Sheldon*, for appellants.

*Reading & Trumbull*, for respondent.

CROW, C. J.—James W. Goss and Rosa Goss, his wife, as relators, petitioned the superior court for Pend Oreille county for a writ of mandamus requiring Metaline Falls Light & Water Company, a public service corporation, to furnish them with water at the rate of $5 per month. The defendant interposed a demurrer, which was sustained, and relators have appealed from an order of dismissal.

Appellants, in substance, alleged that they are owners of improved real estate, in Metaline Falls, in which they are conducting a restaurant and a retail liquor business; that respondent, a public service corporation, holds a franchise granted by the town of Metaline Falls, and is engaged in supplying light and water to the citizens of that municipality; that respondent formerly supplied water to appellants' property at the rate of $5 per month, which was and is the customary rate charged other consumers for a like supply; that, about February 1, 1913, respondent, without just or lawful cause, raised the rate on appellants' property to $8.50 per month; that such increased rate was exorbitant, discrimina-

tory, and arbitrary; that appellants tendered the former rate and demanded a continuance of the service; that their tender was refused, and that respondent, on or about March 4, 1913, unlawfully and wrongfully cut off their water supply.

Upon this petition, an alternative writ and a show cause order, returnable on March 17, 1913, were issued and served. On March 24, 1913, appellants, by motion supported by an affidavit of nonappearance, asked an order of default and the issuance of a peremptory writ. This motion, which was made prior to appearance by respondent, was denied after respondent had appeared by its demurrer and answer. The demurrer was sustained on the ground that the trial court had no jurisdiction.

Appellants first contend that the trial court erred in overruling their motion for a default and for the issuance of a peremptory writ. There is no merit in this contention. Rem. & Bal. Code, § 1017 (P. C. 81 § 1761), provides that the writ cannot be granted by default, but that the case must be heard by the court whether the adverse party appear or not.

The controlling question before us is whether the trial court erred in sustaining the demurrer. Respondent insists that the state legislature has vested the public service commission with exclusive original jurisdiction to hear and determine all questions presented by the petition herein. Chapter 117, Laws of 1911, p. 538 (3 Rem. & Bal. Code, § 8626-1 *et seq.*), commonly known as the public utilities act. A careful examination of this act will disclose a legislative intention to invest the public service commission with exclusive original jurisdiction to hear, pass upon and determine the questions here presented. The public service commission, as constituted, is authorized to examine in the first instance and pass upon these problems. Appellants should seek their remedy before that tribunal. In *State ex rel. Hodgdon v. Hoquiam Water Co.*, 70 Wash. 682, 127 Pac. 304, this court, in sustaining the original jurisdiction of the superior court to com-

pel a public service corporation to furnish water at a consumer's lot line, said:

"Counsel for respondent contends that the question here involved is within the exclusive original jurisdiction of the public service commission, and that therefore the superior court was without jurisdiction to determine this question in an action brought originally in that court. If the question involved only the reasonableness of the amount of the charge which the water company is here seeking to make, this contention might be regarded as sound; but since there is only involved the question of the right to make any such charge regardless of its amount, we think the superior court has jurisdiction."

The issue here presented is one of alleged discrimination in the matter of rates. Appellants contend that respondent's rates are unjust, unfair, and unreasonable, and that it has exacted rates of them in excess of those which it is exacting from other consumers. These charges, which, for the purposes of the demurrer, must be accepted as true, show that respondent is acting in violation of §§ 30 and 31 of the public utilities act (3 Rem. & Bal. Code, §§ 8626-30, 8626-31). Appellants, citing § 80 (Id., § 8626-80) of the act insist that they can obtain no relief from the public service commission, as no complaint can be entertained by that commission except on its own motion, unless such complaint is signed by the mayor or council of a municipal corporation, or by not less than twenty-five consumers or purchasers of water. The first portion of § 80 expressly provides that "complaint may be made . . . by any *person* . . . in writing, setting forth any act or thing done or omitted to be done by any public service corporation in violation . . . of any provision of law." If respondent is practicing discrimination in charging rates as alleged, it is doing an act in violation of the public utilities law and appellants may file a complaint with the commission. Appellants insist that, by reason of the proviso contained in § 80, they cannot file a complaint. The proviso reads as follows:

"Provided, That no complaint shall be entertained by the commission except upon its own motion, as to the reasonableness of the schedule of the rates or charges of any gas company, electrical company, water company, or telephone company, unless the same be signed by the mayor, council or commission of the city or town in which the company complained of is engaged in business, or not less than twenty-five consumers or purchasers of such gas, electricity, water or telephone service."

It is apparent that this proviso, considered in connection with other portions of the section, pertains only to complaints affecting the reasonableness of the schedule of rates or charges of a public service corporation, and that it does not negative the authority of any person to complain of a discrimination of which a corporation may be guilty. In any event, before the appellants could resort to the courts, they should ask the public service commission itself to file a complaint, or should apply to the municipal authorities to do so, or should endeavor to induce other consumers and purchasers to join them in filing the complaint. Appellants fail to allege that they have taken any such action.

The judgment is affirmed.

MOUNT, FULLERTON, PARKER, and MORRIS, JJ., concur.