[No. 13200.    Department Two.    April 1, 1916.]

Charles W. Johnson, *Appellant*, v. Pacific Power & Light Company, *Respondent*.[1]

Appeal—Jurisdiction—Amount in Controversy. Where the complaint alleged and demanded damages in the sum of $201.50, that is the amount in controversy, and the supreme court has jurisdiction on appeal.

Waters and Water Courses—Private Supply—Damages—Public Service Commission—Jurisdiction. The public service commission does not have exclusive jurisdiction, and an action in damages will lie, in case of wrongful acts of a water company in making arbitrary and illegal demands and an unjust enforcement thereof, where the same had nothing to do with discrimination in rates.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered May 26, 1915, upon sustaining a demurrer to the complaint, dismissing an action for damages.    Reversed.

*Chas. W. Johnson*, for appellant.

*John A. Laing* and *Driscoll & Leonard*, for respondent.

Holcomb, J.—Appellant began his action against the respondent, a public service corporation, for the purpose of recovering damages alleged to have been caused by respondent's shutting off the appellant's supply of water. The complaint, briefly stated, alleges that the minimum charge for water was $1.50 per month, which entitled appellant to 5,000 gallons to be used during any month; that the appellant did not use the 5,000 gallons allowed for the month for which the minimum charge of $1.50 should have been made to him; that the respondent wrongfully charged appellant for 10,987 gallons of water; that appellant tendered the amount due for water used; that the shutting off of the water arbitrarily and without cause damaged the appellant in the sum of $200;

[1]Reported in 156 Pac. 530.

that, further, the appellant was, by coercion and threats, compelled to pay $1.50 in excess of the proper charge. To this complaint, respondent demurred, for the reasons that the court has no jurisdiction and that the complaint does not state facts sufficient to constitute a cause of action. The respondent contends, (1) that plaintiff's complaint does not state a controversy of which this court should take jurisdiction upon appeal; (2) that the subject-matter of this action is within the exclusive jurisdiction of the public service commission.

I.  Upon the face of the complaint it appears that appellant demanded damages in the sum of $201.50. The propriety or nature of the measure of damages is not before us. However defective the complaint may be, its allegations are sufficient as against a general demurrer. We know of no way by which we can determine, without going into the facts, that appellant was not actually damaged in some sum which he would be able to prove. The amount in controversy is, therefore, the amount stated in the complaint, and is sufficient to confer appellate jurisdiction upon this court.

II.  The lower court seems to have held the view that this is a case for the enforcement of an adjustment of rates as between the appellant and a public service corporation, and that, therefore, the public service commission has exclusive jurisdiction to adjust and determine the matter, and relies upon the case of *State ex rel. Goss v. Metaline Falls Light & Water Co.*, 80 Wash. 652, 141 Pac. 1142. That case, however, was where the relator showed that other persons and property, situated as he and his property were situated, had a certain rate, and that a rate was made for him and his property in excess thereof. There was manifestly discrimination in the rates charged by the public service company. This case is more nearly like that of *State ex rel. Hodgdon v. Hoquiam Water Co.*, 70 Wash. 682, 127 Pac. 304. There counsel for respondent contended that the question involved was one within the exclusive original jurisdiction of the public

service commission, and that, therefore, the superior court was without jurisdiction to determine the question in an action brought originally in that court. It was there said:

"If the question involved only the reasonableness of the amount of the charge which the water company is here seeking to make, this contention might be regarded as sound; . . ."

But it was held otherwise. And in this case the appellant is seeking damages for an alleged wrongful act of the respondent with which the public service commission has nothing to do. In this case, also, there is no charge of any discrimination in rates, but a charge of an arbitrary, unjust, and illegal demand from the respondent and of an unjust method of the enforcement thereof, for an excessive payment for an alleged quantity of water not used by appellant.

The demurrer should have been overruled. The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

MORRIS, C. J., MAIN, and PARKER, JJ., concur.