201 P.2d 772

**ASSOCIATED PETROLEUM TRANSPORT, LIMITED, et al. v. SHEPARD.**

**No. 5106.**

Supreme Court of New Mexico.

Jan. 5, 1949.

Rehearing Denied Jan. 24, 1949.

Leon S. Hirsh, of Chicago, Ill., Gail L. Ireland, of Denver, Colo., and Wilson & Whitehouse, of Albuquerque, for appellants.

C. C. McCulloh, Atty. Gen., Robert Wollard, Asst. Atty. Gen. and A. H. McLeod and Theo. E. Jones, both of Albuquerque, for appellee.

LUJAN, Justice.

The plaintiffs are the owners of certain railroad freight cars which they rent to common carrier railroad companies at a rate of compensation fixed by order and tariff of the United States Interstate Commerce Commission. These cars are moved by common carrier railroads into, out of, and across the State of New Mexico, but none of them are permanently located in this State nor in any taxing district. Pursuant to the provisions of Chapter 128, Session Laws of 1945, the State Tax Commission ordered the several common carrier railroads operating within this State to deduct from the rental price payable to these plaintiffs an amount equal to 3½% of the gross receipts of each taxpayer for the calendar year ending December 31, 1945, such receipts being confined to those derived from New Mexico mileage only. Thereafter the State Tax Commission ordered the several railroad companies to pay such sums withheld by them to the State Treasurer on or before the first day of March, 1946, which they did. Then plaintiffs filed a protest against the actions of the State Tax Commission. The parties will be referred to as they appeared in the lower court.

On October 5, 1946, plaintiffs, nineteen non-resident corporations, brought this action under Sections 25-601 and 25-603, 1941 Comp., for a declaratory judgment, claiming among other things that the statute under which they were taxed is unconstitutional; that the defendant is wrongfully withholding their money without authority of law; and for its refund.

Plaintiffs alleged that on May 31, 1946, they deposited in the United States mail a

complaint and protest addressed to the State Tax Commission at Santa Fe, New Mexico, against its withholding· of said sums of money, and prayed for a hearing, and a refund of the money paid by them on ac·· count of such taxes.

The defendant answering alleged that the complaint and protest were not filed within the time required by law, nor by the proper parties but by associated Railway Equipment Owners, strangers to the tax proceedings. Thereafter the defendant filed a motion for a summary judgment on the ground that there was no genuine issue of a material fact. The lower court sustained the motion and entered its judgment dismissing the complaint. From the judgment so entered plaintiffs appeal.

Whether the plaintiffs' protest was timely filed, and whether they exhausted their statutory remedies, are the first matters for consideration. Section 6, Chapter 128, Session Laws of 1945, in part, provides as follows:

" * * * The tax levied herein shall be in lieu of property taxes only, and no tax other than as in this act imposed shall be assessed against the property of any such organization except in cases where any such organization shall make complaint in writing to the commission *on· or before June 1* of the year in which the tax herein imposed is assessed, claiming that it is taxed at too great a rate hereunder * * *." (Emphasis ours.)

Under the Act a suit is not authorized until and unless a protest is filed with the State Tax Commission. It necessarily follows that, if the making of a complaint in writing with the State Tax ·Commission is necessary as a pre-requisite to a hearing, then, in the absence of the procedure, the Commission is without jurisdiction to entertain the complaint. Sovey v. Ford Motor Co., 279 Mich. 313, 272 N.W. 689.

In this connection, plaintiffs urge that they had until and including Saturday, June 1, 1946, within which to file their protest; that since the protest was air-mailed from Denver, Colorado, on Friday, May 31, 1946, it undoubtedly would have been received by the State Tax Commission on that date, but for the fact that its office was closed on Saturday as well as on Sunday, June 2nd; that the first possible date it could have been delivered to, and received, by the Commission was on Monday, June 3rd, which plaintiffs admit is the date the Commission actually received it.

It is to be observed that the State Tax Commission's office was not closed all day on June 1, 1946, as claimed by the plaintiffs, but was open until 12 noon, and plaintiffs' agent, the United States mail, had ample time within which to have delivered the letter, if in fact it had been received by the United States Post Office, in Santa Fe, on May 31, 1946.

The presumption is, as the plaintiffs deposited their complaint as protest in the

United States mail at Denver, Colorado, on May 31, 1946, that in due course of mail it reached Santa Fe, New Mexico, that same afternoon. However, the plaintiffs admit that it was not actually received by the State Tax Commission until June 3rd, which rebuts the presumption that it actually reached Santa Fe, New Mexico, on June 1st. Fidelity & Casualty Co., of New York v. Millican, Tex.Civ.App., 115 S.W.2d 464, and cases cited.

Plaintiffs having selected the United States mail as the means of delivering their protest, it became their agent, and they are chargeable with the delay. Hence, if the protest failed to reach the State Tax Commission within the statutory period, it was the fault of the plaintiffs. Texas Employers' Ins. Ass'n, v. Cook, Tex.Civ.App., 55 S.W.2d 205.

We are of the opinion, and so hold, that the complaint and protest of the plaintiffs were not timely filed with the State Tax Commission as required by the Act, and thereafter the Commission had no jurisdiction to hear it.

The plaintiffs are required to exhaust such remedies as are accorded them by the law before resorting to the courts. First National Bank of Raton v. McBride, 20 N.M. 381, 149 P. 353.

On this point the Court in the case of Gorham Mfg. Co. v. State Tax Commission of New York, reported in 266 U.S. 265, 45 S.Ct. 80, 81, 69 L.Ed. 279, said:

"We are of the opinion, however, that, without reference to these constitutional questions, the bill was properly dismissed by the District Court because of the failure of the Company to avail itself of the administrative remedy provided by the statute for the revision and correction of the tax. A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity." Citing cases.

See, also, McCauley v. Waterman Steamship Corporation, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; and First National Bank of Woodbine, Iowa, v. Harrison County, Iowa, 8 Cir., 57 F.2d 56, Id., 287 U.S. 611, 53 S.Ct. 13, 77 L.Ed. 531.

Under the circumstances disclosed by the record, we are of the opinion, and so hold, that the plaintiffs did not exhaust their statutory remedy. Having reached this conclusion, we are not authorized to determine the merits of the case. The judgment is affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.