. 206 P.2d 551

AMERICAN REFRIGERATOR TRANSIT CO. v. SHEPARD, State Treasurer, et al.

No. 5118.

Supreme Court of New Mexico.

March 8, 1949.

Rehearing Denied May 23, 1949.

F. A. Catron, of Santa Fe, for appellant.

C. C. McCulloh, Atty. Gen., Robert V. Wollard, Asst. Atty. Gen. and A. H. McLeod and Theo. E. Jones, both of Albuquerque, for appellees.

PER CURIAM.

Upon motion for rehearing the opinion heretofore filed in this appeal is hereby withdrawn and the one to follow substituted therefor.

### Opinion

COMPTON, Justice.

This proceeding challenged the constitutionality of Chapter 128, Laws of 1945, and seeks to restrain the transfer of funds collected pursuant to its provisions.

Appellant is engaged in the business of furnishing its cars for hire to various railroad common carriers over their lines throughout New Mexico and other states. Its cars are used at a compensation fixed by the Interstate Commerce Commission. Under the provisions of the Act there is withheld by the carriers 3½% ($5,662.73) of the gross earnings due appellant for the use of its cars for the calendar year 1945. As required by the Act, this amount was paid on appellant's account to appellee, State Tax Commission.

Upon motion for summary judgment the trial court found there was no genuine issue of material fact to be determined; concluded as a matter of law that judgment should go for appellee on the merits, and dismissed the complaint.

At the trial of this case below it was urged as a defense, although not ruled upon by the trial judge, that the plaintiff had not exhausted its statutory remedies before the State Tax Commission before seeking the aid of equity. Very likely one reason the trial court did not rule upon the merits of this defense is due to the fact that it determined the cause by sustaining defendant's motion for summary judgment on the theory that there was no genuine controversy as to any material fact. In Associated Petroleum Transport, Ltd., et al. v. Shepard, 53 N.M. 52, 201 P.2d 772, we based our opinion on a holding that the plaintiff must exhaust its statutory remedies before State Tax Commission before filing suit in equity to enjoin collection of the tax here involved.

When our opinion in this case, just withdrawn by a Per Curiam order, was agreed upon and filed, the decision in Associated Petroleum Transport, Ltd., et al.

v. Shepard, supra, had not been rendered. If it had, it would have proved decisive of the appeal in this case since the plaintiff herein did not exhaust its statutory remedies before the State Tax Commission before filing the suit out of which this appeal arose. It could only prolong the litigation, at an added expense to the parties, to send it back for a retrial since ultimate disposition in defendant's favor on any appeal would have to be made on the authority of Associated Petroleum Transport, Ltd., et al. v. Shepard, supra. The plaintiff here, as there, did not exhaust its statutory remedies before seeking the aid of equity. Accordingly, judgment of the trial court, although resting upon another ground, is correct and should be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.

Order Denying Motion for Rehearing

PER CURIAM.

▮ This cause coming on for hearing upon appellant's second motion for a rehearing and the court having considered said motion and briefs of counsel, and being now sufficiently advised in the premises, the full court participating, the judgment is reversed with directions to the trial court to reinstate the case upon its docket and enter an order dismissing the cause, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.