269 P.2d 745

**SMITH**

v.

**SOUTHERN UNION GAS CO.**

No. 5720.

Supreme Court of New Mexico.

April 9, 1954.

Hartley & Buzzard, Clovis, for appellant.

Simms & Modrall, Albuquerque, Smith & Smith, Clovis, Willis L. Lea and A. S. Grenier, Dallas, Tex., for appellee.

Richard H. Robinson, Atty. Gen., James B. Cooney, Sp. Atty., Santa Fe, for Public Service Commission, amicus curiae.

McGHEE, Chief Justice.

We have here a case where the operator of a cafe and tourist court in Clovis, New Mexico, sought an injunction to prevent the turning off of gas at his place of business because of his refusal to pay, as he says, more for gas than other customers of the defendant in the same or similar circumstances, and contending he should have been charged under Schedule 51 instead of Schedule 29 under which he was charged, which latter schedule carried a higher rate. He also sought a declaratory judgment as to the dispute between himself and the public utility, and damages because of the alleged discrimination.

The defendant answered denying the discrimination and pleaded that the plaintiff did not come within Schedule 51 and that his business had not been approved for such schedule by the New Mexico Public Service Commission; that he was properly chargeable for gas under Schedule 29; and that he had a plain, adequate and speedy remedy by law provided by our Public Utility Act, Ch. 84, Laws 1941, which appears as section 72–301 et seq., 1941 Comp.

Amicus curiae supports the claims of the defendant and cites many cases which it is said uphold its position.

The plaintiff does not complain that the rates charged by the defendant are excessive, or seek any reduction in the rate schedule, but bases his case on the claim his business is improperly classified, and that he is being discriminated against because by being placed in such classification he is charged a higher rate than other customers of the defendant in the same or similar circumstances.

The trial court found the plaintiff had not exhausted his administrative remedies provided by the Public Utility Act, and that, therefore, it did not have jurisdiction of the action and entered a judgment of dismissal.

The Public Utility Act, § 72–801, 1941 Comp., provides for a hearing before the commission on complaint that any rate, service, regulation, classification, practice or service in effect or proposed to be made effective is in any respect unfair, unreasonable, unjust or inadequate, if it finds probable cause for complaint. Section 72–814 provides for findings and the entry of an order based thereon. Sections 72–901 to

72–907 provide for a court review of the commission's order, and that the order shall be vacated and annulled if it be made to appear to the satisfaction of the court that the order is unreasonable or unlawful.

It is because of the failure of the plaintiff to exhaust his administrative remedy that the defendant says the judgment of the trial court must be affirmed.

It is the contention of the plaintiff that relief from discrimination by a public utility is a judicial function and that the jurisdiction given the district courts of this state by Art. 6, § 13, New Mexico Constitution, to prevent discrimination by a public utility and award damages therefor could not be taken away by the legislature, such as was attempted when it enacted § 72–504, 1941 Comp., reading:

"The commission shall have general and exclusive power and jurisdiction to regulate and supervise every public utility in respect to its rates and service regulations, and in respect to its securities, * * *."

Article 6, § 13, New Mexico Constitution, so far as applicable, reads:

"The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction; * * *."

We have held in many cases the district court gets its jurisdiction from the Constitution, and it is not to be circumscribed or restrained by the legislature. State v. McKinley, 1949, 53 N.M. 106, 202 P.2d 964; Dunham v. Stitzberg, 1948, 53 N.M. 81, 201 P.2d 1000; Guthrie v. Threlkeld Co., 1948, 52 N.M. 93, 192 P.2d 307. As will later appear, what has been done in the Public Utility Act is not a deprivation or ouster of jurisdiction of the courts, but a postponement until the commission has passed upon the complaint.

The question of discrimination by a public utility was first before this court in Seaberg v. Raton Public Service Co., 1932, 36 N.M. 59, 8 P.2d 100, 102, on removal from the Corporation Commission following its refusal to grant the customer, Seaberg, relief. It was held the commission was not vested with jurisdiction to grant relief against discrimination, saying:

"* * * The individual's right not to be discriminated against is quite different from the public's right to be protected against exorbitant rates. The

former is a legal right long recognized; the latter, a political right. * * * "

A second case was thereafter brought by Seaberg against the public utility which reached this court following the granting of relief below, and the case is reported in 1939, 43 N.M. 161, 87 P.2d 676, where the judgment was reversed because the plaintiff had failed to prove the necessary elements of discrimination.

Both of these cases were decided here prior to the passage of the Public Utility Act, supra, so at that time the only remedy of one claiming a public utility was discriminating against him was by an action in court, whereas now we have a commission which has been given jurisdiction over such complaints in the first instance.

It has been the policy of this Court since the decision in First National Bank of Raton v. McBride, 1915, 20 N.M. 381, 149 P. 353, that where a remedy has been provided before an administrative commission for one claiming discrimination in the matter of taxes, he must exhaust his administrative remedies before resorting to the courts. See also Associated Petroleum Transport v. Shepard, 1949, 53 N.M. 52, 201 P.2d 772, and American Refrigerator Transit Co. v. Shepard, 1949, 53 N.M. 271, 206 P.2d 551.

The contention of appellant, in effect, that the requirement of the Public Utility Act that he first exhaust his administrative remedy before resorting to the courts is unconstitutional in that it violates Art. 6, § 13, New Mexico Constitution, granting general jurisdiction to the district courts except as elsewhere limited in such constitution, is answered we believe by the opinion of this Court in Lougee v. New Mexico Bureau of Revenue Commissioner, 1937, 42 N.M. 115, 76 P.2d 6. It was there held a citizen could not enjoin the collection of a claimed illegal tax until he had first complied with the requirement that he pay such tax under protest and bring a suit to recover it within a specified time.

It was held in the Lougee case that while the legislature may not deprive the district courts of power to issue writs of injunction unless it provides an adequate remedy at law as a substitute, a litigant has no vested right in the remedy, and its use may be limited if a plain, speedy and adequate remedy at law is provided.

Statutes like the one under consideration here were upheld in Hewitt Logging Co. v. Northern Pac. Ry. Co., 1917, 97 Wash. 597, 166 P. 1153, 3 A.L.R. 198; Robinson v. Pacific Tel. & Tel. Co., 1922, 118 Wash. 318, 203 P. 1; and Sykes v. Jenny Wren Co., 1935, 64 App.D.C. 379, 78 F.2d 729, 104 A.L.R. 864.

The writer has scant regard for this statute by which the appellant may at the whim of the commission be compelled to journey to Santa Fe with his witnesses and lawyer to present what should be a simple matter of proof, and then take his appeal to the

district court if he be dissatisfied with the decision, but has reluctantly concluded the statute even as to discrimination must be upheld unless we are to overrule many of our former decisions and emasculate a large portion of our administrative law, a result which he believes many informed people would not regret.

The judgment is affirmed, and it is so ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.