399 P.2d 932

**PUBCO PETROLEUM CORPORATION,**
Petitioner-Appellant,

v.

**OIL CONSERVATION COMMISSION** of New Mexico and Consolidated Oil and Gas, Inc., a corporation, Respondents-Appellees.

**No. 7590.**

Supreme Court of New Mexico.

March 1, 1965.

Rehearing Denied March 26, 1965.

Keleher & McLeod, John B. Tittmann, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., J. M. Durrett, Jr., Sp. Asst. Atty. Gen., Santa Fe, for appellee Oil Conservation Commission.

Kellahin & Fox, Santa Fe, T. P. Stockmar, Denver, Colo., for appellee Consolidated Oil & Gas, Inc.

COMPTON, Justice.

Pubco Petroleum Corporation appeals from an order dismissing its petition for review of an order of the Oil Conservation Commission of New Mexico.

On November 4, 1960, the Oil Conservation Commission entered an order prorating the Basin-Dakota Gas Pool in San Juan, Rio Arriba and Sandoval Counties. Production was allocated thereby on a "basis of 25 per cent acreage plus 75 per cent acreage times deliverability, * * * referred to as the 25-75 formula."

In February, 1962, Consolidated Oil and Gas, Inc., filed an application with the Commission to change the then existing formula which application was denied June 7, 1962. By timely action Consolidated applied for and was granted a rehearing at which additional testimony was taken and a new order was entered establishing the formula on a 40-60 per cent basis.

Pubco filed its petition in the district court for review of the Commission's order entered on rehearing, asserting its invalidity for various and sundry reasons. Motions to dismiss the petition were filed by both the Commission and Consolidated on the ground, among others, that Pubco had failed to exhaust its administrative reme-

**38**

dies. The motions were sustained and Pubco has appealed.

Appellant contends that all required administrative remedies were exhausted when Consolidated was granted a rehearing. Appellees take an opposite view. They make the contention that appellant failed to exhaust its administrative remedies in not applying for a rehearing of the new Commission order.

These contentions require a construction of § 65–3–22, 1953 Comp., the pertinent part of which reads:

"(a) Within twenty [20] days after entry of any order or decision of the commission, any person affected thereby may file with the commission an *application for rehearing* in respect of any matter determined by such order or decision, setting forth the respect in which such order or decision is believed to be erroneous. The commission shall grant or refuse any such *application* in whole or in part within ten [10] days after the same is filed and failure to act thereon within such period shall be deemed a refusal thereof and a final disposition of such application. In the event the rehearing is granted, the commission may enter such new order or decision after rehearing as may be required under the circumstances. (Emphasis ours.)

"(b) Any party to such rehearing proceeding, dissatisfied with the disposition of the application for rehearing, may appeal therefrom to the district court of the county wherein is located any property of such party affected by the decision, by filing a petition for the review of the action of the commission within twenty [20] days after the entry of the order following rehearing or after the refusal or rehearing as the case may be. Such petition shall state briefly the nature of the proceedings before the commission and shall set forth the order or decision of the commission complained of and the grounds of invalidity thereof upon which the *applicant* will rely; Provided, however, that the questions reviewed on appeal shall be only questions presented to the commission by the *application* for rehearing. * * * (Emphasis ours.)

We think appellees' position is sound. Admittedly, appellant did not apply for a rehearing after entry of the new order. Subsection (a) specifically required the filing of an application for rehearing setting forth the claimed invalidity of the order entered by the Commission. Its purpose is to afford the Commission an opportunity to reconsider and correct an erroneous decision. Nevertheless, Pubco relies strongly on subsection (b) as affording

a right of review of the order by the district court. We fail to see where the subsection supports its claim. The subsection relates solely to a dissatisfied applicant and what he may do following entry of an order on rehearing or the refusal of a rehearing. The term "party to such rehearing proceeding" as used in the subsection simply means a party who has applied for a rehearing and is dissatisfied with the disposition of his application. The subsection is rather explicit; nowhere therein do we find the right of review by the court, except by a dissatisfied *applicant*.

 Thus, we reach the conclusion that appellant has failed to exhaust its statutory administrative remedies. It follows that the trial court was without jurisdiction to entertain a review of the order. Compare Smith v. Southern Union Gas Co., 58 N.M. 197, 269 P.2d 745; Jones v. Board of School Directors of Independent School Dist. No. 22, 55 N.M. 195, 230 P.2d 321; American Refrigerator Transit Co. v. Shepard, 53 N.M. 271, 206 P.2d 551; Samuel B. Franklin & Company v. Securities and Exchange Commission, 9 Cir., 290 F.2d 719, cert. den. 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88.

Other questions are posed on appeal but the conclusion reached obviates our discussion and disposition of them.

The order should be affirmed, and it is so ordered.

CARMODY, C. J., and NOBLE, J., concur.