Desmond, J.
Plaintiff operates, in New York City, 20 cheap (350 to 600 per night) men’s lodging houses out of a total of about 60 such establishments on the Bowery and in other similar localities in the city. This suit was brought to have declared invalid and to restrain the enforcement as against plaintiff of mandatory wage order No. 6-a established by respondent State Industrial Commissioner in 1947 for the hotel industry. The order contains a definition of ‘' hotel industry ’ ’ which in terms includes “lodging houses ” and the commissioner has announced his intention to enforce the order against “ flop houses ” such as those conducted by plaintiff although no women are employed therein. The commissioner’s justification for this is section 663-a of the Labor Law which is part of article 19 and is quoted below. Article 19 is headed “ Minimum Wage *64 Standards for Women and Minors ” and contains section 650 which recites the factual background of the legislation and section 651 which states it to be the public policy of the State of New York that women and minors should, receive wages sufficient to provide adequate maintenance and to protect their health. Although in terms and purpose article 19 is for the protection of women and minors only, the Legislature considered it appropriate, in order to strengthen this protection for women and minors, to enact section 663-a which is headed “Supplementary protection ’ ’ and in applicable part is as follows: “ To effectuate the aim of this article and to protect the minimum wage standards and rates provided for women and minors, no male twenty-one years of age or over shall be employed in an occupation at less than the minimum standards or rates of wages fixed for women and minors in such occupation under a minimum wage order.” Section 663-a (and a predecessor section to the same effect) has been in effect since 1944 although other parts of article 19 were enacted in 1937.
The idea back of section 663-a is plain enough. The Legislature, intent on providing wage and hour protection for employed women and minors, realized that this objective could not be realized if men workers could take the same jobs at wages lower than those set for women and children. If that kind of wage competition between men and women were not eliminated the result of a minimum wage order for women might be that their last state would be worse than their first. They would be out of jobs. Thus, section 663-a, although it deals directly with wages of men rather than of women, has a reasonable relation to the enforcement of the general policy of protecting women and minors in industry. Mary Lincoln Candies v. Department of Labor (289 N. Y. 262) is interesting in this connection. That case held to be valid so much of a wage order for women in the candy industry as not only fixed a minimum hourly rate for women employees but required an employer to pay that minimum hourly rate for a minimum number of hours per week. There was and is nothing in article 19 which specifically authorized the guarantee of a number of hours of work but, nonetheless, we said (in Mary Lincoln Candies) that the candy industry order validly mandated a minimum number of hours for women workers since such a provision was reasonably necessary to carry opt the statutory purpose of guaranteeing to women *65 workers a living wage. The present case is stronger for the State than was Mary Lincoln Candies (supra) since the prohibition here against men working for less than the minimum wages fixed for women and children is not in the order but in the statute itself.
Appellant says that section 663-a is unconstitutional as interfering with freedom of contract. Certainly, that argument as to minimum wage legislation for women and children can no longer be made since West Coast Hotel Co. v. Parrish (300 U. S. 379) and Mary Lincoln Candies v. Department of Labor (289 N. Y. 262, supra) in this court (see, also, People v. Beck, 288 N. Y. 569, cert. denied 317 U. S. 696). But, says plaintiff-appellant, section 663-a is not a minimum wage act for women and children but is an unconstitutional general minimum wage act for men. The first answer to that argument of unconstitutiqnality is that section 663-a is not such a general statute since its prohibition runs against the employment of men in certain regulated industries at wages lower than those fixed for women in the same industries. In the second place, it is by no means clear that a State general minimum wage act for men would be unconstitutional. In United States v. Darby (312 U. S. 100) which held valid the Federal Fair Labor Standards Act, Justice Stone for a unanimous court said at page 125 that since West Coast Hotel Co. v. Parrish (supra) it “ is no longer open to question that the fixing of a minimum wage is within the legislative power and that the bare fact of its exercise is not a denial of due process under the Fifth more than under the Fourteenth Amendment”. At another place on the same page in the Darby opinion Justice Stone wrote: “ Similarly the statute is not objectionable because applied alike to both men and women ”. In other parts of the Darby opinion the Supreme Court was talking about the constitutional question of Federal power to bar from interstate commerce articles produced in the States at substandard wages, but at the places quoted (in the Darby opinion) the Supreme Court was addressing itself to a due process like that made in the present case. The Supreme Court’s answer to that argument in Darby was that a minimum wage fixing law is within the legislative power of the States and not objectionable because applied to men as well as to women (see, more recently, Lincoln Union v. Northwestern Co., 335 U. S. 525, 536).
*66 Actually, appellant at one point in its brief seems to concede the power of the State to pass even a general wage law for men but points out that this wage order as applied to men contains no safeguards of notice, hearing, decisions of wage boards, etc., such as are required by article 19 in connection with fixing the wages for women and children. This raises no constitutional question. The wage board before making its recommendations to the commissioner as to minima must give notice and hold hearings, etc. Account must be taken of the sums necessary for adequate maintenance and health of the woman worker, the value of her services and the wages paid in the State for similar work (Labor Law, §§ 650, 656). All these procedures were had in the present case as to women and children. Then the board and the commissioner from the testimony at these hearings determined what would be a proper minimum wage for women in the industry. That wage was by the statute’s own command made applicable, however, as a minimum for men working in the same occupation. Surely, the Legislature could take notice that the needs of men for maintenance and health are not less than that of women and that the value of the services of men and the wages ordinarily paid to men in a given industry are not less than those of women.
Elsewhere in its brief appellant argues that this minimum wage order is unconstitutional as applied by the commissioner to lodging houses like plaintiff’s since, in fact, no women are employed in those places. But as to that plaintiff, in bringing this suit, has invoked the wrong forum. Section 662 of the Labor Law (part of art. 19) says that such wage orders may be reviewed by the Board of Standards and Appeals as provided in section 110 of the Labor Law. Section 110 says that any person in interest may petition the Board of Standards and Appeals for a review of the validity or reasonableness of any rule or order “ made under the [Labor Law] ”. Going back to section 662, there is a provision that any appeal from the determination of the Board of Standards and Appeals on a question of law is to be taken to the Appellate Division, Third Department. Reading together sections 110 and 662 we find that on any question of fact the determination of the commissioner is final and that a party seeking to review the validity or reasonableness of any wage order or any part thereof must, *67 before going to the courts, seek a review before the Board of Standards and Appeals. Plaintiff did not do so but instead brought this direct suit. We will assume that the question as to whether section 663-a is itself unconstitutional may be raised in the first instance by a suit such as the present one (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, 519, 520) but if we are right in what we have said above, there is no such unconstitutionality. But, besides urging such alleged unconstitutionality of the statute, plaintiff asserts that the wage order is invalid since it is made to apply to establishments like plaintiff’s where no women are employed. Plaintiff says also that it is unreasonable or unlawful to include establishments like plaintiff’s under the term “hotels”, since these cheap lodging houses give no services at all to their customers beyond providing beds. Those latter are the sort of claims of invalidity or unreasonableness which under sections 110 and 662 (supra) must be raised first by administrative review before the Board of Standards and Appeals (see Richfield Oil Co. v. City of Syracuse, 287 N. Y. 234; Dun & Bradstreet v. City of New York, 276 N. Y. 198; Lewis v. City of Lockport, 276 N. Y. 336; as to wage orders see People v. Beck, 288 N. Y. 569, supra).
As indicated above we do not reach, in a suit like this, the questions (aside from unconstitutionality of section 663-a) of invalidity or unreasonableness of the application of this order to plaintiff’s lodging houses. If we were to reach any such question we would say that the orders are not invalid at the point where they include these lodging houses as “hotels”. This record shows that these places in their own advertising and signs call themselves ‘ ‘ hotels ’ ’. The commissioner is not holding that these places compare with the luxury hotels. He had made a finding and an order that the minimum wage for women and children in any place of public lodging should be not less than a fixed amount per hour for women and children and that, to supplement this protection for women and children, men, too, should pursuant to the statute be forbidden to work for wages below those minima.
Plaintiff’s counsel on argument before us suggested that this order as applied to plaintiff’s lodging houses is unreasonable and invalid if not unconstitutional in that it would require *68 plaintiff to pay standard wages to the homeless drifters who make rip not only plaintiff’s clientele but his labor force. The only employees plaintiff’s operations need are bedmakers and clerks and it recruits these from among the lodgers themselves, paying the clerks about $2.95 a day and the bedmakers from $1.95 to $2.95 per day. The suggestion is that plaintiff will not be able to carry on its business if it is required to pay the minimum wages fixed by this order. That, however, does not make the order unconstitutional. Such hardship is no argument against the constitutional validity of an otherwise valid exercise of the State’s police power (Hegeman Farms Corp. v. Baldwin, 293 U. S. 163,170; Fox v. Standard Oil Co., 294 U. S. 87, 102).
The judgment appealed from should be affirmed, with costs.