391 P.2d 324

**SANDIA SAVINGS AND LOAN ASSOCIA-TION, a Corporation, Plaintiff-Appellant,**

v.

**Mae KLEINHEIM, Treasurer of Bernalillo County, State of New Mexico, Defendant-Appellee.**

**No. 7356.**

Supreme Court of New Mexico.

April 6, 1964.

Cornell & Clayburgh, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, Asst. Atty. Gen., Santa Fe, for appellee.

John B. Speer, Sp. Asst. Atty. Gen., Santa Fe, amicus curiae.

MOISE, Justice.

Plaintiff is a capital stock building and loan association organized under the provisions of Chap. 279, N.M.S.L.1959 (§§ 48–15–26 to 48–15–37, inc., N.M.S.A.1953).

For the year 1961 the state tax commission determined the actual value of the shares of capital stock of plaintiff and certified the same to the local assessor of Bernalillo County, as required by § 72–6–4, N.M.S.A.1953. The value certified was determined in accordance with § 72–6–6, N.M.

S.A.1953, which provides the method for valuing shares of banks, trust companies and mortgage loan companies, and was done in compliance with the provisions of § 48–15–36, N.M.S.A.1953, which reads:

"All capital stock building and loan associations shall be listed and assessed for taxation in the same manner as state banks are listed and assessed."

Plaintiff timely paid the first half of the taxes so assessed, stating that it was doing so under protest. Within 90 days of making the payment it brought this action seeking refund of the amount paid, alleging the tax· was null and void for the following reasons:

"A. That Section 72–6–6, New Mexico Statutes Annotated is unconstitutional as creating a discrimination between capital stock savings and loan associations and mutual building and loan associations, who are exempt from the operation of the Act.

"B. That the method of valuing shares of stock in the Association was an invidious assessment, and did not follow the method of assessment followed in Bernalillo County in assessing other real estate and personal property.

"C. That the assessment is discriminatory as against other property owners who are assessed on the basis of 16% of true or market value, where-

as this assessment was upon 100% of value.

"D. That the tax is discriminatory and contrary to the provisions of Article VIII, Section 1 of the Constitution of New Mexico, which reads as follows:

" 'Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class.'

"E. The assessment and tax levy was and is unlawful, invalid, and unfair for the reason that it constitutes an arbitrary, wilful and intentional scheme and method of discriminating against one class of property, to-wit: permanent capital stock of state chartered savings and loan associations as against other forms and types of stock and personal property."

The district attorney, appearing on behalf of the defendant-treasurer, moved to dismiss the complaint for the reason that the assessment was made by the state tax commission, and the complaint failed to state a cause of action against the county treasurer.

The following two sections are involved.

72–5–4. "Ad valorem taxes paid voluntarily to any officer authorized to collect the same shall not be refunded or rebated in any instance, unless such person presents a claim to the district court by petition within ninety (90) days from the date of the payment thereof, claiming the same to have been erroneously or illegally charged. It shall be the duty of the district attorney, upon notice, to appear in response to such petition without the necessity of the issuing or service of any process, and the court shall hear and determine the matter and enter such judgment as the facts may require. All taxes paid under protest shall, by the treasurer or other collecting agency, be held in a suspense fund until legal proceedings for the determination of the right thereto shall have been concluded, at which time they shall be disposed of in accordance with the final judgment in such proceedings; Provided, that in case no legal proceedings shall be effectively begun within ninety (90) days from the date of the payment thereof, such moneys shall thereupon be funded and distributed as other taxes, and shall thereafter not be subject to repayment."

72–6–8.2 "Any owner of property subject to valuation by the state tax commission may protest the valuation fixed by the state tax commission on his property, by filing with the commission a written application for hearing and protest of such valuation within fifteen [15] days from the date of

mailing of notice of valuation as provided in section 1 [72–6–8.1] of this act * * *."

The court below determined that plaintiff should have exhausted the administrative remedies provided in § 72–6–8.2, N.M.S.A.1953, and having failed to do so had no standing to sue under § 72–5–4, N.M.S.A. 1953, and accordingly dismissed the complaint. Plaintiff appeals from this action.

Rather than consider any questions of discrimination or valuation, it would seem appropriate that we first determine if plaintiff proceeded properly, or if the court correctly held that plaintiff was required to exhaust the administrative remedies provided in § 72–6–8.2, N.M.S.A.1953.

At the outset we note that § 72–5–4, N.M.S.A.1953, was adopted as Chap. 27, N.M.S.L.1945. However, it provided the method for obtaining a refund of taxes "erroneously or illegally charged," as did Chap. 143, N.M.S.L.1933. In the case of In re Blatt, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656, we said:

"The phrase 'erroneously or illegally charged' has a well-established meaning as found in such statutes.

" 'Statutes expressly provide for refunding in many states. Some of these statutory enactments contain provisions which call for the refunding of taxes in those cases in which taxes illegally assessed are paid under a mistake of fact, or where there has been some clerical mistake in the assessment or collection of taxes. The term "erroneously assessed," as used in such a statute, means an assessment illegal because of a jurisdictional defect and *does not include a mere error of judgment in valuing the property.*' Section 1259, c. 20, Cooley Taxation, vol. 3 (4th Ed.) pp. 2501 to 2506, inc."

The court went on to hold that relief from excessive assessments could not be obtained under the statute, stating:

"That Laws 1933, c. 143, does not contemplate the relief of reduction of assessment on the mere determination that it is excessive we have sufficiently demonstrated. Its purpose is not to enable a judge to substitute his opinion of property values for the opinion of the assessing authorities, and that the statutory criterion 'erroneously or illegally charged,' correctly interpreted. means only such assessments or excesses in assessments as are 'illegal and void.' "

It seems quite apparent to us that allegations that a law upon which ·a tax assessment is based is unconstitutional raises a claim that the taxes were "erroneously or illegally charged" and is properly within the court's jurisdiction to consider under the statute and quoted language from In re Blatt, supra. Compare Lougee v.

New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6. See also, Wheatland v. City of Boston, 202 Mass. 258, 88 N.E. 769; Commercial National Bank of Council Bluffs v. Board of Supervisors of Pottawattami County, 168 Iowa 501, 150 N.W. 704; Clay County v. Brown Lumber Co., 90 Ark. 413, 119 S.W. 251. This is true unless it was mandatory that plaintiff follow the administrative procedures of § 72–6–8.2, N.M.S.A.1953, before it could question the constitutionality.

At the outset of our consideration of this problem we note the cases of Associated Petroleum Transport v. Shepard, 53 N.M. 52, 201 P.2d 772, and American Refrigerator Transit Co. v. Shepard, 53 N.M. 271, 206 P.2d 551. These were actions seeking a declaratory judgment that a statute taxing plaintiffs on the rentals paid them by common carrier railroads operating in New Mexico and providing for withholding of such money, was unconstitutional, and that they were entitled to a refund of withheld sums.

These cases are in no sense controlling. The statute there being considered fixed a tax in lieu of property taxes and did not authorize suit until protest had been made to the state tax commission. It was there determined that no protest had been timely filed and that plaintiffs had no standing in court. We are here dealing with an ad valorem tax and § 72–5–4, supra, specifically provides for payment under protest and

suit to recover the same. In addition, we observe that § 72–6–8.2, supra, provides for protesting "valuation" and a hearing before the commission. The attack here is not on the valuation fixed, but rather on the power to tax at all.

 The situation is akin to that considered in State ex rel. State Board of Education v. Montoya, 73 N.M. 162, 386 P.2d 252, which upheld the court's right to proceed in a case without requiring that relief be first sought from the administrative agency, where the record disclosed an absence of allegations upon which jurisdiction in the agency could be predicated. If the tax imposed by § 72–6–6, N.M.S.A.1953, is unconstitutional, as asserted, there could be no right or power in the state tax commission to assess it, and no jurisdiction in the commission to consider the complaint. The procedure of § 72–6–8.2, supra, which merely provides for protesting valuation, is not applicable. Orderly procedure and speedy disposition of the matter dictate by-passing of an administrative agency which has no power to pass upon the constitutionality. We are not aware of any consideration which would support a different conclusion. Compare City Bank Farmers Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628.

Professor Davis, in his Administrative Law Treatise, § 20.04, recognizes the distinction drawn by us:

"A fundamental distinction must be recognized between constitutional applicability of legislation to particular facts and constitutionality of the legislation. When a tribunal passes upon constitutional applicability, it is carrying out the legislative intent, either express or implied or presumed. When a tribunal passes upon constitutionality of the legislation, the question is whether it shall take action which runs counter to the legislative intent. *We commit to administrative agencies the power to determine constitutional applicability, but we do not commit to administrative agencies the power to determine constitutionality of legislation.* Only the courts have authority to take action which runs counter to the expressed will of the legislative body. (Emphasis added)

"Should one who seeks to challenge the constitutionality of legislation be required to exhaust remedies before an administrative agency which has no authority to pass upon the constitutional issues the plaintiff wants to raise? * * * "

Following this quotation, the author discusses various cases from the Supreme Court of the United States, in order to show that that court's answer to the question is far from clear. However, the most recent pronouncements of the Supreme Court of the United States seem to support the rule that it is not necessary to exhaust administrative remedies in situations where the administrative agency could not pass upon the issue of constitutionality and relief therefrom would not be possible. See Public Utilities Commission of State of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470; City of Chicago v. Atchison, Topeka & Santa Fe R. Co., 357 U.S. 77, 78 S.Ct. 1063, 2 L.Ed.2d 1174. See also, 3 Davis, Administrative Law Treatise, § 20.-09; 2 Am.Jur.2d 437, Administrative Law, § 603; Interior Airways, Inc. v. Wien Alaska Airlines, Inc. (U.S.D.C., Alaska 1960) 188 F.Supp. 107; Idaho Mut. Ben. Asso., Inc. v. Robison, 63 Ida. 793, 154 P.2d 156; Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054; N. H. Lyons & Co. v. Corsi, 3 N.Y.2d 60, 163 N.Y.S.2d 677, 143 N.E.2d 392.

■ It follows from what has been said that the court correctly refused to pass upon any issues of application of the statute, but erred in dismissing the plaintiff's complaint without considering the constitutionality issue. We do not express any opinion on that question. The cause is remanded to the district court so that it can rule thereon.

It is so ordered.

COMPTON, C. J., and CARMODY, J., CHAVEZ and NOBLE, JJ., concur.