Gabrielli, J.
The principal issue is whether petitioner having failed to exercise its right to appeal to the board of supervisors, as provided by statute, from respondent Rochester Pure Waters District’s administrative determination fixing water pollution control charges, may now properly contend for the first time, that, by reason of claimed Real Property Tax Law exemptions afforded charitable organizations, it is immune from certain of the charges levied by respondent pursu *374 ant to section 266 of the County Law. This section provides, in pertinent part, as follows: "1. Subject to confirmation by the board of supervisors, the administrative head or body: (a) may establish, from time to time, * * * a scale of charges for the collection, conveyance, treatment and disposal of sewage * * * from, public corporations, improvement districts, commercial and industrial users and individuals to be determined on any equitable basis including but not limited to a system of classification which, for purposes of establishing differential * * * charges, * * * may allocate among areas within the district designated by the administrative head or body, the costs of establishment of the district, the furnishing of improvements therein and operation and maintenance of district facilities or any combination thereof * * *. Before any such schedules are finally established, the administrative head or body shall hold at least one public hearing thereon. Appeals may be taken from any rate fixing determination of the administrative head or body to the board of supervisors.”
The facts are undisputed and may be briefly stated. On April 6, 1971 the Monroe County Legislature established respondent as a county sewer district, pursuant to article 5-A of the County Law (which encompasses section 266) and, after a public hearing, approved respondent’s plan to lease the sewage system of the City of Rochester and to construct improvements of existing district facilities. On December 20, 1971 respondent, pursuant to section 266, established two separate rate charges, effective retroactively to July 1, 1971. One charge, for removal of sanitary sewage, is based upon cubic feet of water consumed by users. The other charge, denominated a "combined sewage charge”, is for the removal of storm water entering the sewage system through the combined storm and sanitary sewers, and is based upon the assessed valuation of real property owned by users. On December 28, 1971 the County Legislature confirmed the charges.
Shortly thereafter, petitioner received its water pollution control bill for the period July 1, 1971 to October 15, 1971. The bill, totaling $2,738.58, reflected a combined sewage charge of $1,827.98 and a sanitary sewage charge of $910.60. Petitioner remitted $1,930.54 to respondent and refused to pay the balance of $808.04 claiming that the latter amount represented the sum unreasonably and arbitrarily assessed in contravention of the Real Property Tax Law. Subsequently, and without pursuing its right to appeal the rate fixing *375 determination of respondent as provided in section 266, petitioner commenced this article 78 proceeding seeking a judgment prohibiting respondent from collecting certain water pollution control charges from it and declaring its property exempt from such charges.
Treating the proceeding as an action for a declaratory judgment (see CPLR 103, subd [c]), Special Term entered judgment in favor of respondent. The Appellate Division affirmed holding that the Real Property Tax Law did not insulate petitioner from the water pollution control charges levied by respondent. The court expressly refrained from passing on the question of whether the charges levied were reasonably computed (44 AD2d 219, 224). We reach the same result.
The doctrine of exhaustion of administrative remedies requires "litigants to address their complaints initially to administrative tribunals, rather than to the courts, and * * * to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts” (2 Cooper, State Administrative Law, p 561). It is bottomed on the principle that "[a] reviewing court usurps the agency’s function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action” (Unemployment Comm. v Aragon, 329 US 143, 155; see, also, 3 Davis, Administrative Law, § 20.06). Thus, Professor Jaffe comments that "[a] line of California cases will not permit a taxpayer to seek judicial redetermination of his tax where he has not sought administrative redetermination, though it allows an exception where 'the attempted assessment is a nullity because the property is either tax exempt or outside the jurisdiction.’ In tax cases there is a traditional emphasis on strict compliance with procedures devised to maximize efficient enforcement.” (Jaffe, Judicial Control of Administrative Action, p 454.)
New York is in accord with these authorities. Thus, in Lyons & Co. v Corsi (3 NY2d 60, app dsmd 355 US 284) we held that although the constitutionality of then section 663-a of the Labor Law could be raised in the first instance in a judicial proceeding (see, also, Matter of Diocese of Rochester v Planning Bd of Town of Brighton, 1 NY2d 508, 519-520; Buffalo Hebrew Christian Mission v City of Syracuse, 33 AD2d 152), a claim that the statute was being unreasonably inter *376 preted "must be raised first by administrative review before the Board of Standards and Appeals” (Lyons & Co. v Corsi, supra, p 67; and cases cited therein; see, also, 1 NY Jur, Administrative Law, § 171).
Turning, then, to the substance of the claim before us, upon this record we find no merit in petitioner’s contention that the Real Property Tax Law operates to exempt it from certain portions of its water pollution bill. Subdivision 8 of section 421 of the Real Property Tax Law[1] provides that the real property of charitable organizations is exempt from special ad valorem levies and special assessments to the extent provided in section 490 of that law, which in turn provides that the exemption is not applicable "to pay for the costs, including interest and incidental and preliminary costs, of the acquisition, installation, construction, reconstruction and enlargement of or additions to the following improvements, including original equipment, furnishings, machinery or apparatus, and the replacements thereof: * * * sewer systems (either sanitary or surface drainage or both, including purification, treatment or disposal plants or buildings)”. Thus, YMCA claims that the effect of these statutes is to exempt it from the portion of any special ad valorem levy or special assessment attributable to the operation and maintenance expenses of the respondent district. •
We cannot agree. An analysis of various alternative methods of financing special improvement districts found in article 5-A of the County Law makes clear that the Real Property Tax Law exemptions were not intended to apply to charges levied pursuant to section 266. Under section 270 of that article district assessments must be made in proportion to the assessed valuation of real property and under the section 271 alternative assessments must be made in direct proportion to the benefit conferred on each lot or parcel of land.[2] Thus, *377 section 270 imposes a "special ad valorem levy” and section 271 a "special assessment” as those terms are defined in subdivisions 14 and 15 of section 102 of the Real Property Tax Law.[3] In contrast, section 266 (subd 1, par [a]), the alternative utilized by respondent, envisages that each district will consider all cost factors in arriving at a suitable rate schedule and in establishing differential rates among various areas within the district, and it expressly permits charges to be assessed against entities and individuals "on any equitable basis”, all of which is consonant with a user charge. Thus, we conclude that section 266, by permitting the levy of user charges "on any equitable basis”, provides an alternative mode of financing sewer districts apart from the Real Property Tax Law exemptions.
The argument is also made that, even if section 266 operates independently of the Real Property Tax Law exemptions as well as sections 270 and 271 of the County Law, the charges levied thereunder are neither equitable nor reasonable because they are based on assessed valuation. While this claim may present a question as to the validity of the levy, it is not cognizable at this time since petitioner failed to first appeal the rate fixing determination to the board of supervisors as provided by section 266. Had such an appeal been taken, respondent would have been' required to consider and specifically determine whether the combined sewer charges were unequitably based on assessed valuation. Thus, we find unavailing, due to the posture of the case, the potentially meritorious claim of petitioner that the "combined sewage charge” should be posited on a more equitable basis, a claim which it may pursue on the next appropriate occasion of levying any fixed charges.
*378 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs.

. Reference here made is to section 421 in the main volume of book 49-A of McKinney’s Consolidated Laws "(1972 ed)”, entitled Real Property Tax Law (1972 ed).

. Section 270 of the County Law in pertinent part, provides: "The expense of the establishment of a district and of providing improvements therein, * * * shall be assessed, levied and collected from the several lots and parcels of land within the district in the same manner and at the same time as county charges * * *. The annual expense of operation and maintenance shall be assessed, levied and collected in the same manner and at the same time as the expense of the improvement is assessed, levied and collected.”
Subdivision 1 of section 271 of the County Law in pertinent part, provides: "Notwithstanding the provisions of the preceding section, if the notice of public *377 hearing to be held by the board of supervisors pursuant to section two hundred fifty-four shall contain a statement that the cost of the improvement will be assessed in proportion as nearly as may be to the benefit which each lot or parcel of land will derive therefrom, such cost shall be assessed, levied and collected as hereinafter provided.”

. Subdivisions 14 and 15 of section 102 of the Real Property Tax Law provides:
"14. 'Special ad valorem levy’ means a charge imposed upon benefited real property in the same manner and at the same time as taxes for municipal purposes to defray the cost, including operation and maintenance, of a special district improvement or service, but not including any charge imposed by or on behalf of a city or village.
"15. 'Special assessment’ means a charge imposed upon benefited real property in proportion to the benefit received by such property to defray the cost, including operation and maintenance, of a special district improvement or service or of a special improvement or service, but does not include a special ad valorem levy.”