Simons, J.
(concurring). I would dismiss the proceeding without addressing the merits.
*491 It is well settled that "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (e.g., Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375)” (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). While the rule is not without exceptions (id., at 57), none is applicable here.
Petitioner contends that prohibition is available because the Commissioner exceeded his powers in reversing the evidentiary ruling of the Administrative Officer and remitting the matter to complete the administrative hearing. However, any abuse of power by the Commissioner, if such there was, affects only the permissible scope of petitioner’s cross-examination of complainants; it does not in any way implicate the legality of the hearing or vitiate the proceedings. Petitioner has an adequate remedy for such errors by way of direct review of any discipline that ultimately may be imposed by the Board of Regents and suffers no legally cognizable injury by merely being subjected to the disciplinary hearing with the possibility of a subsequent finding of professional misconduct (Matter of Rush v Mordue, 68 NY2d 348, 354-355). Accordingly, there is no need to address the merits of petitioner’s claim by engaging in an analysis of the Commissioner’s powers (Matter of Rush v Mordue, supra).
Chief Judge Wachtler and Judgés Kaye, Alexander, Hancock, Jr., and Bellacosa concur with Judge Dillon;* Judge Simons concurs in result in a separate opinion.
Order reversed, etc.

 Designated pursuant to NY Constitution, article VI, § 2.