**West 48th Holdings LLC v State of N.Y. Div. of Hous. & Community Renewal**

2024 NY Slip Op 32839(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 152377/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ                          PART                    47

*Justice*

-------------------------------------------------------------------------------X

WEST 48TH HOLDINGS LLC,

                         Petitioner,

               - v -

STATE OF NEW YORK DIVISION OF HOUSING AND
COMMUNITY RENEWAL OFFICE OF RENT
ADMINISTRATION, ISRAEL MOSHE ELIMELECH

                      Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152377/2024 |
| MOTION DATE | 03/14/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for                  ARTICLE 78 (BODY OR OFFICER)    .

Upon the foregoing documents, it is

Petitioner, WEST 48TH HOLDINGS LLC ("West 48") commenced this Article 78 proceeding seeking to reverse a February 1, 2024 decision by Respondent New York State Division of Housing and Community Renewal ("DHCR") arguing that the decision lacked a rational basis and was arbitrary and capricious. DHCR cross-moves to dismiss the petition arguing that West 48 failed to exhaust its administrative remedies and therefore, this court lacks subject matter jurisdiction over this matter.

## BACKGROUND

West 48 is the owner and landlord of a building located at 441 West 48th Street, New York, New York, 10036 (the "Building") (NYSCEF Doc No 1 ¶ 1). Israel Moshe Elimelech, a tenant in Apt. 3WR in the Building, filed an Overcharge Complaint on March 6, 2018 (*id*. at ¶ 4). On, March 6, 2023, the DHCR issued a Rent Administrator Order that found that apartment 3WR was not subject to rent stabilization because certain apartment improvements elevated the

152377/2024  WEST 48TH HOLDINGS LLC vs. STATE OF NEW YORK DIVISION OF HOUSING        Page 1 of 4
AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION ET AL
Motion No.  001

1 of 4

Legal Regulated Rent above the high rent vacancy threshold of $2,733.75 in effect during 2018 (NYSCEF Doc No 5). Mr. Elimelech served a Petition for Administrative Review ("PAR") on DHCR, docket number LP-410004-RT, on April 13, 2023 (NYSCEF Doc No 6). On December 28, 2023 the DHCR issued a PAR Order denying the petition (NYSCEF Doc No 7). On its own initiative, the Commissioner of the DHCR issued a Modified Order, dated February 1, 2024, reversing the Original PAR Order, and decided that apartment 3WR is subject to rent stabilization (NYSCEF Doc No 24). The Commissioner then remanded the Original PAR Order, now under docket number MN-410001-RP, to recalculate the overcharge amount (NYSCEF Doc No 27). West 48 asks the court to reverse the February 1, 2024 Order modified by the Commissioner.

## DISCUSSION

*Finality and Exhaustion of Administrative Remedies*

Respondent argues that the proceeding must be dismissed because an Article 78 proceeding can only be brought to challenge a final determination and since the matter was remanded, petitioner has yet to exhaust their administrative remedies. Petitioner argues that a final determination was made as to the rent regulatory status of the apartment which is challengeable.

CPLR § 7801 states:

> [A] proceeding under this article shall not be used to challenge a determination:
> 1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed; or

**152377/2024   WEST 48TH HOLDINGS LLC vs. STATE OF NEW YORK DIVISION OF HOUSING
AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION ET AL
Motion No.  001**

Page 2 of 4

2 of 4

"Administrative actions as a rule are not final unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). "To determine if agency action is final, therefore, consideration must be given to the completeness of the administrative action and a pragmatic evaluation [must be made] of whether the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*id*. [internal quotation marks removed]). Finality requires "a finding that the injury purportedly inflicted by the agency may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*id*.). "The doctrine of exhaustion of administrative remedies requires 'litigants to address their complaints initially to administrative tribunals, rather than to the courts, and to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts" (*Young Men's Christian Ass'n v Rochester Pure Waters Dist*., 37 NY2d 371, 375 [1975]). "The requirement of finality is predicated upon the perception that litigants as a group are best served by a system which prohibits piecemeal appellate consideration of rulings that may 'fade into insignificance' by the time the initial decisionmaker disassociates itself from the matter" (*Essex County*, 91 NY2d at 455 [quoting *Aluminum Co. of Am. v United States*, 790 F2d 938 [DC Cir 1986]]).

Here, the petition was brought to overturn the February 1, 2024, order from the Deputy Commissioner which determined that "there could be no high rent vacancy deregulation at that time … and [ ] remand[ed] the matter to the Rent Administrator for processing of the tenant's overcharge complaint" (NYSCEF Doc No 8). Petitioner has yet to suffer an actual, concrete injury since there has yet to be an overcharge order and "the injury purportedly inflicted by the

**152377/2024   WEST 48TH HOLDINGS LLC vs. STATE OF NEW YORK DIVISION OF HOUSING      Page 3 of 4
AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION ET AL
Motion No. 001**

[* 3]

3 of 4

agency may … be prevented or significantly ameliorated by further administrative action" (*Essex County*, 91 NY2d at 453).

Accordingly it is,

ORDERED that the petition is denied; and it is further

ORDERED that the cross-motion to dismiss the petition is granted.

20240813151808PG0ETZ1ED01539C52F24B3087001944D835AB9E

_____
**8/13/2024**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152377/2024   WEST 48TH HOLDINGS LLC vs. STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]