**NEW IKOR, INC.**

v.

**John A. S. McGLENNON et al.**

**Civ. A. No. 77-799-T.**

United States District Court,
D. Massachusetts.

Feb. 23, 1978.

Thomas B. Bracken, Edward I. Selig, Bracken, Selig & Baram, Boston, Mass., for New Ikor, Inc.

Asst. U. S. Atty. William E. Hughes, Boston, Mass., Corrado, Peabody, Wells, McLaughlin and Freese, Sanford Glassman, New London, Conn., Serge Zezulin, Norge Associates, Inc., Sea Cliff, N. Y., for McGlennon.

## OPINION

TAURO, District Judge.

Plaintiff, a manufacturer of variable speed control equipment (VSCE), bid unsuccessfully to the Town of Waterford (Town) for a subcontract on a federally subsidized sewage treatment project. A subsequent appeal to the United States Environmental Protection Agency (EPA) by plaintiff was summarily dismissed as having been filed too late.[1] Plaintiff brings this action under the Administrative Procedure Act [2] seeking to set aside the Agency's dismissal.[3]

---

1. Regulation 40 C.F.R. § 35.939 establishes the scheme for protest of bid awards by EPA grantees. Here, the Town had the responsibility for the initial resolution of protests based upon alleged violations of the procurement requirements. The Regional Administrator of the EPA was mandated to review the Town's initial resolution of the protest upon request of an appropriate party. The applicable section states:

> Any such request must be in writing, must adequately state the basis for the protest . . ., and must be received by the Regional Administrator within one week after the complaining party has received the grantee's determination of the protest.

40 C.F.R. § 35.939(e)(1).

A complementary regulation states:

> A protest appeal authorized by paragraph (e) of this section must be received by the Regional Administrator within one week after the complainant has received the grantee's determination.

40 C.F.R. § 35.939(b)(2).

2. 5 U.S.C. §§ 701–706.

3. Defendants include John McGlennon, Regional Administrator of the EPA for Region I; five members of the Town's Water and Sewer Commission, Charles Corrado, Richard Peabody, Rikki Wells, Jane McLaughlin and Herbert Freese; Norge Associates, the general contractor awarded the prime contract for the sewage treatment project; and Hayden, Harding & Buchanan, the consulting engineering firm for the project.

## I

The material facts are not in dispute.[4] In March, 1976, the Town and the EPA entered into a grant agreement under the Federal Water Pollution Control Act,[5] by which the Town agreed to comply with all applicable EPA regulations in return for federal reimbursement of 75% of the eligible construction costs of its sewage treatment project.

In late July, 1976, the Town solicited bids from general contractors for its "Main Pumping Station." The general contractors were required by the bidding documents to provide specifications for VSCE equipment. Plaintiff submitted its bid as subcontractor to several general contractors, including Norge Associates, Inc. (Norge). Norge integrated plaintiff's bid as subcontractor into its own bid as general contractor.

On September 27, 1976, the Town approved award of the general contract to Norge, but plaintiff's subcontract bid was rejected. On October 28, 1976, plaintiff protested its bid rejection to the Town. In a letter dated January 18, 1977, and received by plaintiff on Wednesday, January 26, 1977, the Town reaffirmed its decision and rejected plaintiff's protest.[6]

By letter dated Wednesday, February 2, 1977, plaintiff notified the Town's Water and Sewer Commission that it was appealing the Town's decision to the EPA. A carbon copy of that letter was mailed to the Regional Offices of the EPA and received there on Thursday, February 3, 1977. In a letter dated Thursday, February 3, and received by EPA on Friday, February 4, 1977, counsel for plaintiff protested the Town's decision and initiated appeal to the EPA. On March 4, 1977, the EPA Regional Administrator dismissed plaintiff's appeal as having been untimely filed.

Plaintiff and defendant EPA Administrator have moved for summary judgment. For the reasons stated below, summary judgment is granted in favor of the EPA Administrator.[7]

## II

This court's review of the administrative procedures here at issue is limited by statute to "final agency action."[8] The narrow issue before this court, therefore, is whether EPA properly dismissed plaintiff's appeal on the grounds that it was untimely filed.[9]

Plaintiff received the Town's rejection on Wednesday, January 26, 1977. Plaintiff's

Plaintiff seeks reversal of the Agency's dismissal, and injunctive relief restraining the EPA Administrator and the Town's Water and Sewer Commission from releasing funds for the VSCE; restraining Hayden, Harding & Buchanan from approving the project's design; and restraining Norge Associates from entering into any further agreements concerning the purchase of VSCE equipment. Plaintiff further seeks award of the subcontract.

**4.** All facts are adopted from the parties' "Agreed Statement of Facts."

**5.** Title II of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1251 *et seq.*

**6.** The Town first rejected plaintiff's protest on November 1, 1976. On appeal by plaintiff, the EPA Acting Regional Administrator returned the matter to the Town for further proceedings. This initial round of protest and appeal is not at issue.

**7.** The other defendants are in various procedural postures before the court. The members of the Water and Sewer Commission moved to dismiss for lack of jurisdiction. Norge Associates, Inc. failed to defend, and a default order has been entered against it. No marshal's return of service was ever received proving service on Hayden, Harding & Buchanan. Since plaintiff's cause of action is founded on the EPA's summary dismissal, and we hereby find that dismissal in compliance with the applicable regulation, this litigation is terminated as a practical matter with respect to the other defendants as well.

**8.** 5 U.S.C. § 704.

**9.** In its complaint and supporting memoranda, plaintiff has attempted to broaden the scope of this court's inquiry to encompass alleged procedural and substantive deficiencies in the Town's procedures. But the EPA dismissed on grounds of timeliness, and never reached either the merits or procedural regularity of the Town's action. This court is limited to review of the administrative record of final agency action. *Camp v. Pitts,* 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

first notification to the EPA of the Town's rejection arrived at the EPA on February 3.[10] Defendant argues that the plain meaning of the applicable regulation required plaintiff's appeal to have been filed "within one week" after receipt of the Town's rejection on January 26, 1977: that is, by Wednesday, February 2, 1977. Since the first relevant communication from plaintiff was not received by EPA until February 3, 1977, defendant maintains that plaintiff's appeal was untimely.

Plaintiff attempts to avoid the apparent meaning of the regulation by arguing that "within one week" means "within seven working days." Eliminating Saturday and Sunday from the computation of time between Wednesday, January 26, 1977 and Thursday, February 3, 1977, plaintiff's appeal letter arrived within six working days. Under plaintiff's theory such a sequence would constitute a timely filing.

### III

▮ To prevail, plaintiff must establish that the EPA's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." [11] It is not enough for this court to disagree with the administrator's determination. The determination stands unless it was without any rational basis. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 290, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *Boston & Maine Railroad v. United States*, 202 F.Supp. 830 (D.Mass.1962), *aff'd sub nom., Baltimore & Ohio Railroad Co. v. Boston & Maine Railroad*, 373 U.S. 372, 83 S.Ct. 1312, 10 L.Ed.2d 419 (1963).

The EPA's interpretation of its own regulations is, of course, entitled to great weight. In *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), the Court indicated that it "shows great deference to the interpretation given [a] statute by the officers or agency charged with its administration." It went on to comment that "[w]hen the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order." 380 U.S. at 16,[12] 85 S.Ct. at 801.

Given this standard of review, the Administrator's determination that plaintiff's notice of appeal was not filed "within one week" appears a sensible and straightforward interpretation of the regulation. But plaintiff advances two arguments of construction to demonstrate that the regulation refers in fact to "work days." First, plaintiff argues that "[e]lsewhere in EPA's construction grant regulations whenever a time period of 7 days is provided, the regulations specifically state that this means '7 working days.' " [13] Other EPA regulations do indeed speak of "working days," or of excluding Saturdays and Sundays from computation.[14] Plaintiff concedes that these regulations govern other EPA timeliness questions, and have no direct bearing on the instant case. Plaintiff apparently wishes to suggest, however, that the EPA's explicit references in other regulations to "working days" are a sign that the EPA simply neglected to articulate its intent that only "working days" be considered in the context of this regulation as well.

▮ Standard principles of statutory construction are applicable to the resolution of ambiguity in administrative regulations. *Rucker v. Wabash Railroad Co.*, 418 F.2d

---

**10.** The notification consisted of a copy of plaintiff's letter to the Town protesting the Town's action. EPA also received a similar letter from plaintiff's counsel on February 4.

**11.** 5 U.S.C. § 706.

**12.** *See also Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945), holding that "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the

regulation;" and *Silva v. East Providence Housing Authority*, 565 F.2d 1217 (1st Cir. 1977).

**13.** "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction And In Opposition To Federal Defendant's Motion to Dismiss" at 10–11.

**14.** *See e. g.*, 40 C.F.R. § 30.305–4(c); 40 C.F.R. § 125.44; 40 C.F.R. § 8.34.

146 (7th Cir. 1969); *Hart v. McLucas,* 535 F.2d 516 (9th Cir. 1976). It is a familiar aid to construction of regulations that "where a term is carefully employed in one place and excluded in another, it should not be implied where excluded." *Diamond Roofing Co. v. Occupational Safety and Health Review Commission,* 528 F.2d 645, 648 (5th Cir. 1976); *see also Federal Trade Commission v. Sun Oil Co.,* 371 U.S. 505, 83 S.Ct. 358, 9 L.Ed.2d 466 (1963).

■ Plaintiff also notes that the predecessor regulation to 40 C.F.R. 35.939 distinguished between "five working days" (the period that was permitted for a bidder to file a protest with the grantee) and "one week" (the period that was permitted for the bidder to file an appeal with the Administrator). Plaintiff argues that the use of two different phrases ("five working days" and "one week") in connection with two different appeal procedures (one to the grantee and the other to EPA) in the same paragraph of a regulation must be deemed an intention to create two different time periods.

Taking plaintiff's argument at face value, it does not follow that the EPA intended that the term "one week" (as used in the currently effective regulation) means "seven working days." The agency may have recognized the ambiguity created by the use of the two different terms in the predecessor regulation, and amended the regulation to set forth one clear period of time for both procedures. The Administrator interprets the term "one week," as used in the current regulation, by its plain meaning: that is, one calendar week. As stated, the court must accord respect to the EPA's interpretation of its own regulations. *See Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

## IV

■ The section of the regulation upon which the EPA Administrator relied to dismiss reads:

*Summary disposition.* The Regional Administrator may summarily dismiss a protest, without proceedings under para-

graphs (d) or (e) of this section, if he determines that the protest is untimely, frivolous or without merit . . .

40 C.F.R. § 35.939(k).

Plaintiff discusses the history of its bid on this and related contracts to argue that the Regional Administrator knew or should have known that the protest and appeal were substantively meritorious. But that is beside the point. The Administrator was not required to reach the substantive merits of the controversy, and was justified in dismissing on a procedural ground. Plaintiff has not offered this court any authority to indicate that dismissal on procedural grounds is improper under 40 C.F.R. § 939(k).

■ Twenty-nine days passed from the EPA's receipt of plaintiff's appeal to the time of its action. Plaintiff argues that the EPA's dismissal of plaintiff's appeal is invalid because it is not in compliance with the operative regulation:

Any such conference [between protestant and delegates of Regional Administrator] should be held within not more than ten days after receipt of the request for review and the report should be transmitted to the Regional Administrator within ten days after the date set for receipt of the participants' written materials or for the conference. The Regional Administrator should transmit his determination . . . within one week after receipt of the report. . . . The Regional Counsel may extend these time limitations, where appropriate.

40 C.F.R. § 35.939(e)(3). The regulation's recommended time periods add up to 27 days. Plaintiff argues that the Administrator's action is untimely and, therefore, invalid.

This court rejects plaintiff's argument for two reasons. First, the language of the quoted section is precatory, in direct contrast to mandatory language in the very same regulation governing time periods for bidders seeking review. Second, plaintiff was in no way prejudiced by the agency's failure to act in twenty-seven days. Preju-

dice is clearly the gravamen of the principle that an agency must abide by its own rules. *See In Re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States ex rel. Stone v. Robinson,* 431 F.2d 548 (3d Cir. 1970).

Summary judgment for defendant is therefore granted. An order has issued.