■ ALBERT ELIA BUILDING CO., INC., Appellant, v VILLAGE OF BROCTON et al., Respondents. — Judgment unanimously affirmed, with costs. Memorandum: In May, 1981, respondent village advertised for bids for the construction of a waste water treatment plant. The village has been awarded a Federal grant under the Federal Water Pollution Control Act (US Code, tit 33, § 1251 *et seq.*, as amd) which will meet 75% of the cost of construction of the project. As required by Federal regulation (40 CFR 35.938-4 [c] [5]), the notice to bidders contained statements that "[a]ny contract or contracts awarded under this invitation for bids are expected to be funded inpart [*sic*] by a grant from the U. S. Environmental Protection Agency" and "[t]his procurement will be subject to regulations contained in 40 CFR 35.936, 35.938, and 35.939." The content of these regulations was spelled out in the bidding documents. The bids were opened on June 22, 1981. The low bidder was respondent Terra Marine Dredging Company, Inc. (Terra) with a bid of $2,353,000 and petitioner was the next lowest with a bid of $2,419,000. On June 30, 1981 petitioner filed a letter with the Village Clerk, stating that pursuant to section 103 of the General Municipal Law and sections 35.938 and 35.939 of the Environmental Protection Agency regulations (40 CFR 35.938, 35.939), petitioner protested the awarding of the contract to Terra on the ground that Terra's bid did not comply with the bidding requirements relating to proposed suppliers of equipment and materials. On July 8, 1981 the village board resolved to reject petitioner's protest as untimely, and adopted a resolution of intention to award the contract to Terra. By letter dated July 9, 1981, the village attorney notified

petitioner's attorney of the board's action. Without seeking review by the regional administrator of the village's determination, petitioner commenced this CPLR article 78 proceeding on July 14, 1981. 40 CFR 35.939 regulates the filing of protests and provides for initial administrative review by the grantee (respondent village) (40 CFR 35.939 [d] [1]) and further review by the regional administrator (40 CFR 35.939 [e]). 40 CFR 35.939 (b) (1) provides: "A protest authorized by paragraph (d) of this section must be received by the grantee within 1 week after the basis for the protest is known or should have been known, whichever is earlier (generally, for formally advertised procurement, after bid opening, within 1 week after the basis for the protest is, or should have been, known)." Petitioner makes no argument that it did not know the basis of its protest on June 22, 1981 and since more than seven days expired before the protest was filed, it was properly rejected by the village (*New Ikor, Inc. v McGlennon,* 446 F Supp 136). Additionally, petitioner failed to seek review by the regional administrator of the village's determination (40 CFR 35.939 [e]). Thus, petitioner has failed to exhaust its administrative remedies and the petition must be dismissed (*Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). In reaching this conclusion, we necessarily reject petitioner's argument that the revision of attachment O to Office of Management and Budget Circular A-102, promulgated August 15, 1979 (44 Fed Reg 47874) supersedes 40 CFR 35.938 and 35.939. Although revised attachment O is designed to place maximum reliance on State and local grantees' management of their own procurements, initial administrative review by the local grantee and further administrative review by the grantor agency (here, the regional administrator) are still required. Moreover, while the review powers of the grantor agency are constricted by the revision, its power to review "(v)iolations of grantee's protest procedures or failure to review a complaint or protest" is retained (Office of Management and Budget Circular A-102, attachment O, § 5, subd [b], par [ii], promulgated Aug. 15, 1979; 44 Fed Reg 47874). Thus, revised attachment O does not conflict with subdivisions (b), (d) or (e) of 40 CFR 35.939 (cf. *City of Rochester v United States Environmental Protection Agency,* 496 F Supp 751). We recognize that under the Federal statutory and regulatory scheme, the role of the Federal government in the bidding process is, in most instances, secondary to that of the State or local grantee, and that the primary concern of the Federal government is with matters of Federal law and not State law (40 CFR 35.939 [j]; *Spencer, White & Prentis v United States Environmental Protection Agency,* 641 F2d 1061). Nonetheless, title 33 (§ 1361, subd [a]) of the United States Code authorizes the administrator to "prescribe such regulations as are necessary to carry out his functions under this chapter". Since the function of sections 1281 through 1297 of title 33 is the making of grants for the construction of treatment plants, there is a compelling Federal interest in the expeditious processing of disputes concerning bidding procedures (see 40 CFR 35.939 [b] [1]; *City of Rochester v United States Environmental Protection Agency,* 496 F Supp 751, *supra*). This expressed purpose of the Federal law cannot be impaired by State law (*Quaker Oats Co. v City of New York,* 295 NY 527, affd *sub nom. Hill Packing Co. v City of New York,* 331 US 787), and thus, whether the variances between the low bid and the bidding specifications were material (cf. *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson,* 62 AD2d 28, affd on opn below 46 NY2d 960) is of no consequence in this case. Finally, in the view taken, there is no need to address respondents' argument that the village was required to accept Terra's low bid because of the provisions of 40 CFR 35.938-4 (h) (6). (Appeal from judgment of Chautauqua Supreme Court, Bayger, J. — art 78 — public construction contract.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Schnepp, JJ.